## JOHN W. NAGLE v. EDWARD RANDALL and Others.[1]

July 21, 1911.

Nos. 17,148, 17,149—(239, 240.)

**Gambling — evidence.**

R. kept a gambling room, with tables and appliances, in a building leased by the owner to .B. Plaintiff frequented the room, and lost money there in playing poker with other customers. Neither B. nor R. took part in the games, or had any share in the money won; but R. did receive a fixed sum from each game before the winner was determined. *Held*, that neither B. nor R. was a player or better at the games, and neither was a winner of the money plaintiff lost.

**Same — construction of statute.**

Section 4967, R. L. 1905, does not authorize a recovery of money lost at gambling from the keeper of the gambling place, or from the lessee of the building, unless such keeper or lessee was playing or betting, and so won the money, or unless he had some arrangement by which he shared in the money won.

Action in the district court for Hennepin county to recover $1,500 lost in betting on hands at cards and playing roulette in a public gambling place. The answer was a general denial. The case was tried before Booth, J., who made findings of fact as stated in the opinion and as conclusion of law ordered judgment in favor of plaintiff against defendant Randall, for $75, and in favor of defendants Baker and Rodda. From the judgment entered pursuant to the findings in favor of plaintiff, and from a judgment dismissing plaintiff's cause of action as to defendants Harry Baker and Fred W. Rodda, plaintiff appealed. Affirmed on both appeals.

*George Harold Smith,* for appellant.

*Armstrong & Nash,* for respondents.

[1] Reported in 132 N. W. 266.

BUNN, J.

This action was brought to recover the sum of $1,500, which plaintiff claimed he lost to defendant Randall at gambling. Recovery was sought against Randall and against defendant Cohen as the owner of the building in which the gambling was carried on, and against defendants Baker and Rodda as lessees of the building. Defendants answered jointly, denying the allegations of the complaint. The case was tried by the court without a jury, and a decision rendered in favor of plaintiff and against Randall for $75, and in favor of the other defendants. Judgment was entered, and plaintiff appealed from the judgment in his favor against Randall, and also from the judgment in favor of defendants Baker and Rodda.

The only question is whether the conclusions of law, that plaintiff was not entitled to recover of Randall the sums lost by plaintiff in games of poker played in the room conducted by Randall, and that plaintiff was not entitled to recover as against defendants Baker and Rodda, are sustained by the findings of fact. These findings are in substance as follows:

Defendant Cohen was the owner of a building in Minneapolis, known as 252–254 First Avenue South. Defendants Rodda and Baker were in occupation of said premises under a lease from the former owner. They occupied the street floor of the building as a restaurant, and personally conducted the same. The second floor was occupied by defendant Randall and certain other persons and a gambling room was conducted on said floor by Randall, or by Randall and others associated with him, and gambling was there carried on by playing at roulette, poker, and other games, by persons who resorted there for that purpose. The evidence did not show that defendant Cohen or defendants Baker and Rodda participated in the gambling, or were associated with Randall, or were financially interested in the gambling business.

Between November 17, 1909, and April, 1, 1910, plaintiff lost at gambling in said gambling room sums of money aggregating $1,-367 by playing poker, and $75 by playing roulette. He paid the sums so lost to the respective winners at said games. In the games of poker played, the players used chips in place of money in mak-

ing their bets. These chips were sold by Randall to the players, and redeemed in cash by him at any time upon demand. From the stakes or bets put up by the players collectively upon each hand of poker played there was taken by a representative of Randall a certain arbitrary definite number of chips as a "rake-off." This "rake-off" was not dependent upon the amount of stakes put up by the players respectively or collectively, but was taken out before each hand was played.

The money lost by plaintiff at roulette was paid to and received by Randall. Except as above mentioned, there was no evidence that Randall or his associates received any money from plaintiff, or that plaintiff lost any money to them at gambling, or that Randall or his associates were in a conspiracy or agreement with any one with whom plaintiff played as to the disposition of any losses that plaintiff or any of the players made or might make while gambling.

On these findings the court made conclusions of law, and judgment was entered as before stated. The grounds upon which the trial court based its decision that defendants Baker and Rodda were not liable, and that Randall was not liable for the sums lost at poker by plaintiff, were: (1) Defendants were not winners of plaintiff's money. (2) Under the statute, a recovery of money lost at gambling can only be had from the persons who won the money; i. e., to whom it was lost. If both of these propositions are correct, the decision was right; but, if either is untenable, the decision was wrong.

1. It is quite certain from the findings that it was not shown that Baker and Rodda had any financial interest in the returns from the gambling carried on, and quite clear that they did not take part in the play or win any of the money plaintiff lost. The only interest that Randall had in the poker games, and his only profit therefrom, as far as the findings show, was the "rake-off" taken from each "pot" before the winner was determined. It is found that the evidence did not show any conspiracy or agreement by which Randall participated in the disposition of the losses that plaintiff or the other players made.

Without doubt the man who gets a small, but certain, percentage of the stakes put up by the players, and does not play himself, will

ride in an automobile, while the players walk the ties, and in this sense may be considered a winner. But the question is: Was Randall, either himself or through any secret arrangement, playing or betting? On the findings, we think this question must be answered in the negative. Plaintiff's money was lost to the other players. Randall provided the room and other facilities for the game, but had no interest in the winnings made. He was not playing or betting. If it could be held that plaintiff might recover of Randall to the extent of the amount contributed by plaintiff to the "rake-off," it would be impossible under the findings or the evidence to determine the amount.

2. But plaintiff claims that the statute permits a recovery of the money lost from the "keepers of the gambling house and all who in any manner aid or abet its maintenance or support." His argument is that but for them the loss would not have been sustained; that having engaged in an unlawful enterprise, and having for their own profit encouraged innocent victims to play, they are liable for the losses made. The fault in this argument is that the recovery of money lost at gambling must be under the statute. There was no such right of recovery at common law; the parties being in pari delicto. Unless the statute gives a right of recovery as against the owner of the premises or the keeper of the gambling place, there is no such right.

Section 4964, R. L. 1905, prohibits gambling, and makes it a criminal offense to keep any gambling device, or to bet at a gaming table, game, or device. Section 4965 makes it criminal for any person to suffer any gaming table or device to be used for gambling in any building owned or occupied by him. Section 4967 reads as follows:

"Every person who, by playing at cards, dice, or other game, or by betting on the hands or sides of such as are gambling, shall lose to any person so playing or betting any sum of money or any goods, and pays or delivers the same, or any part thereof, to the winner, may sue for and recover such money by a civil action before any court of competent jurisdiction."

We cannot hold that, under the sections making criminal keeping

gambling devices and suffering them to be used for gambling in a building, a recovery of the money lost by a player is authorized by implication. The right to such recovery is given by section 4967, and the language of that section alone must control the decision whether a recovery should be allowed in a particular case. While it does not say directly from whom the loser may recover, the only inference is that the recovery must be had from the winner—the person to whom it was lost. In substance the statute reads: "Every person who, by playing at cards, loses to any person so playing any money, and pays the same, may sue for and recover such money." It is very clear, we think, that this statute does not authorize a recovery of money lost at gambling from the keeper of the place, or the lessee or owner of the building, unless such person was playing or betting, and so won the money, or unless he had some arrangement by which he shared the winnings.

Judgment affirmed on both appeals.